Under such circumstances the court cannot say that the receipt is a bar to the plaintiff's claim for interest. If the receipt is not a bar, we think that the plaintiff has a right to claim it, inasmuch as the defendant had sufficient funds in his hands, and did not invest them as required by the terms of the deed of trust. We think the plaintiff is entitled to interest, at six per cent. per annum, on $1,500, from the expiration of a reasonable time, say six months after the death of his father, until the 24th of August, 1829, when the principal sum was paid; the amount of which can be ascertained without a reference to a master.

---

NICHOLSON (OSBORN v.). See Case No. 10,595.

---

## Case No. 10,250.

### NICHOLSON v. PATTON et al.

[2 Cranch, C. C. 164.] [1]

Circuit Court, District of Columbia. April Term, 1819.

CO-PARTNERSHIP—NAME OF INDIVIDUAL—PROOFS — COMPETENCY OF PARTNERS AS WITNESSES — BILLS AND NOTES—PROTEST FOR NON-ACCEPTANCE.

1. In an action against James and Robert, charging them as partners, and, as such, liable for bills drawn by James in his own name, but for the benefit of the partnership, James cannot be examined as a witness for Robert, upon an issue joined by Robert alone, although judgment should have been rendered against James by default.

2. The want of notice of non-acceptance is not excused by an understanding between the plaintiff and James that the bill should not be sent on for acceptance.

3. If the declaration aver a protest for non-acceptance, as well as for non-payment of a foreign bill, and the action be brought upon the protest for non-payment, it is not necessary that the plaintiff should prove the averment of protest for non-acceptance.

4. In order to charge Robert upon a bill drawn by James in his own name, it is necessary to prove that James and Robert carried on business in partnership under the firm of James. Prima facie it is the sole bill of James.

Action by the payee [Henry Nicholson] against James and Robert Patton, as drawers of a foreign bill of exchange, drawn in the name of James alone, and protested for non-payment.

Mr. Taylor and Mr. Swann, for defendant Robert, offered to examine the defendant James as a witness for Robert, upon the issue joined for him, judgment having been rendered against James by default, and the same jury having been sworn to assess the damages as to James as to the same time.

Mr. E. J. Lee and Mr. Jones, contra. The general rule is, that a party cannot be a witness. The exceptions are only in cases where the judgment may be several; but here it

1 [Reported by Hon. William Cranch, Chief Judge.]

must be joint, although the defendant, James, should confess judgment.

THE COURT (nem. con.) rejected the witness as incompetent.

THE COURT also, at the prayer of the defendant's (Robert's) counsel, instructed the jury that want of notice of non-acceptance is not excused by an understanding between the plaintiff and the defendant James, that the bill should be sent on for acceptance.

The declaration averred a protest for non-acceptance as well as for non-payment. By the Virginia statute of November 12th, 1792 (section 2), the plaintiff would be entitled to recover interest from the date of the protest for non-acceptance.

Mr. Taylor, for defendant, Robert, contended that the averment of protest for non-acceptance was material, and therefore ought to be proved, notwithstanding the decision of the supreme court of the United States in Brown v. Barry, 3 Dall. [3 U. S.] 365.

But THE COURT (CRANCH, Chief Judge, contra) said it was not necessary that the plaintiff should prove the averment.

THE COURT (THRUSTON, Circuit Judge, absent), at the prayer of the counsel for the defendant, Robert, instructed the jury that in order to charge the defendant, Robert, in this action, it was incumbent on the plaintiff to prove that James and Robert carried on business under the name and firm of James Patton; and that this bill on its face, purports to be the sole bill of James.